**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **CARLOS J. HINOJOSA** | : | |
| **Plaintiff** | : | |
| | : | **Civil Action No. 07-cv-00860 (HHK)** |
| **v.** | : | |
| | : | |
| **ALBERTO GONZALEZ, et al.** | : | |
| **Defendants** | : | |
| | : | |

**DEFENDANTS' MOTION TO TRANSFER PLAINTIFF'S**
**COMPLAINT BROUGHT TO VACATE/VOID JUDGMENT DUE**
**TO LACK OF SUBJECT MATTER JURISDICTION, PURSUANT TO**
**RULE 60(b)(4) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

The defendants, by and through their attorney, the United States Attorney for the District of Columbia, hereby respectfully file their motion to transfer plaintiff's pro se Complaint Brought to Vacate/Void Conviction Due to Lack of Subject Matter Jurisdiction, which was filed pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure. In his complaint, plaintiff is seeking to vacate his conviction on the basis that the U.S. District Court for the Southern District of Texas lacked subject matter jurisdiction over his case. In essence, this complaint should be construed as plaintiff's first motion for post-conviction relief under 28 U.S.C. § 2255, and therefore should be transferred to the court that sentenced him. However, before the Court can construe plaintiff's pro se complaint as a motion filed under 28 U.S.C. § 2255, this Court must advise plaintiff of the consequences of the characterization, and allow him an opportunity to respond. See, e.g., Castro v. United States, 540 U.S. 375, 383 (2003); United States v. Palmer, 296 F.3d 1135, 1146 (D.C. Cir. 2002).

**BRIEF PROCEDURAL HISTORY**

On October 16, 2003, a 45-count sealed indictment was filed against plaintiff in the U.S. District Court for the Southern District of Texas.  On October 31, 2003, plaintiff successfully moved to unseal that indictment, which contained the following charges:  1) Conspiracy, in violation of 18 U.S.C. § 371 (Count One); 2) Securities Fraud and Aiding and Abetting, in violation of 15 U.S.C. §§ 77q(a) and x, and 18 U.S.C. §2 (Count Two); 3) Wire Fraud and Aiding and Abetting, in violation of 18 U.S.C. §§ 1343 and 2 (Counts Three through Six); 4) Mail Fraud and Aiding and Abetting, in violation of 18 U.S.C. §§ 1341 and 2 (Counts Seven through 30); and 5) Money Laundering Promotion and Aiding and Abetting, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 2 (Counts 31 through 45).   On August 19, 2005, plaintiff entered a plea of guilty to one count of Money Laundering and Aiding and Abetting (Count 31), before the Honorable Hilda G. Tagle.[1]  On January 20, 2006, Judge Tagle sentenced plaintiff, pursuant to the U.S. Sentencing Guidelines,  to 169 months of incarceration, which is to be followed by three years of supervised release.  See Attachment A (Judgment and Commitment Order for Carlos Hinojosa, 7:03-cr-01010-01).[2]  Plaintiff was also found to be jointly and severally liable for restitution in the amount of $3,559,493.90, which is to be paid at a rate of $195,867.46 per month over a period of 34 months.  Id. at 6.   Plaintiff noted his appeal on February 7, 2006.

On appeal, plaintiff challenged the calculations that were used to determine his sentence pursuant to the U.S. Sentencing Guidelines.  Specifically, he raised the following issues:  1) the

---

[1]    According to the information that is contained in the docket entries in this case, plaintiff was re-arraigned on Count 31 in the indictment on the same date that he entered his plea of guilty to that Count in the indictment.

[2]    The government dismissed the remaining counts of the indictment at sentencing.

Court incorrectly determined the value of the funds involved in this case for purposes of

U.S.S.G. § 2S1.1; and 2) the Court erred when it grouped the offenses pursuant to U.S.S.G. §

3D1.2(d) and U.S.S.G. § 1B1.3(a)(1).  However, on April 10, 2007, the U.S. Court of Appeals

for the Fifth Circuit found that the sentencing judge did not commit an error in her factual

findings of relevant conduct.  However, since the government conceded error regarding the issue

of restitution, the Court of Appeals vacated that aspect of plaintiff's sentence and remanded his

case for re-sentencing.  See Attachment B (Judgment, Court of Appeals, Fifth Circuit, U.S. v.

Carlos Hinjosa).  On July 30, 2007, the trial judge re-sentenced plaintiff by ordering the same

period of incarceration and supervised release, by finding him jointly and severally liable for the

amount of $3,559,493.90, and ordering plaintiff to pay restitution in the amount of $200.00 per

month as of 60 days of his release from prison.

On May 8, 2007, plaintiff filed the instant pro se Complaint to Vacate/Void Judgment

pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure.

## ARGUMENT

### I.    Plaintiff's Complaint Pursuant to Rule 60(b)(4) Should Be Construed As A § 2255 Motion

The plaintiff's Rule 60(b)(4) complaint must be transferred to the United States District

Court for the Southern District of Texas, the court in which he was convicted.  Although the

plaintiff has styled his claim for relief as a complaint under Rule 60(b)(4), it is well settled that

the caption of a pleading is not determinative of the nature of the relief sought.   Thus, the

federal circuit courts of appeal have uniformly held that pleadings which are the functional

equivalent of a Section 2255 motion must be treated as such, regardless of the caption of the

pleading. See, e.g., United States v. Gutierrez, 116 F.3d 412, 416 (9th Cir. 1997) (treating motion

under Declaratory Judgment Act as Section 2255 motion); <u>Bradshaw v. Story</u>, 86 F.3d 164, 166 (10th Cir. 1996) (treating Section 2241 habeas petition as Section 2255 motion); <u>cf.</u> <u>Brennan v. Wall</u>, 100 Fed.Appx. 4, 5 (1st Cir.) (treating motion filed under 28 U.S.C. § 1651 as § 2254 petition), <u>cert. denied</u>, 543 U.S. 908 (2004); <u>Byrd v. Bagley</u>, 37 Fed.Appx. 94, 95 (6th Cir. 2002) ("regardless of the label on the statutory underpinning for the petition, habeas petitions of state prisoners are governed by 28 U.S.C. § 2254"); <u>Burris v. Parke</u>, 130 F.3d 782, 783 (7th Cir.) (treating motion to recall mandate as Section 2254 petition), <u>cert. denied</u>, 522 U.S. 990 (1997); <u>In Re Sapp</u>, 118 F.3d 460, 464 (6th Cir.) (treating complaint under 42 U.S.C. § 1983 as Section 2254 petition), <u>cert. denied</u>, 521 U.S. 1130 (1997); <u>Greenawalt v. Stewart</u>, 105 F.3d 1287, 1287 (9th Cir.) (<u>per</u> <u>curiam</u>) (treating Section 2241 habeas petition as Section 2254 petition), <u>cert. denied</u>, 519 U.S. 1103 (1997); <u>Felker v. Turpin</u>, 101 F.3d 657, 661 (11th Cir.) (treating Rule 60(b) motion as Section 2254 petition), <u>cert. denied</u>, 519 U.S. 989 (1996).

In this case, plaintiff is challenging the legality of his conviction, because he is arguing that Judge Talga did not have subject matter jurisdiction over his case.  Accordingly, this Court should properly treat the plaintiff's complaint, which solely challenges the legality of his conviction, as a motion to vacate, set aside, or correct sentence, filed pursuant to 28 U.S.C. § 2255.  Accordingly, because the instant complaint constitutes the plaintiff's first Section 2255 motion, this Court should transfer this complaint to the United States District Court for the Southern District of Texas, the court in which plaintiff was sentenced.  <u>See</u> 28 U.S.C. § 2255 ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . <u>may move the court which imposed the sentence</u> to vacate, set aside

or correct sentence.") (emphasis added).[3]

## II.    Plaintiff Should Be Given An Opportunity to Respond To Re-Characterization Under Section 2255

The Court may characterize plaintiff's complaint as a § 2255 motion only if the Court

informs plaintiff of its intent to characterize the complaint under § 2255, and "warns the litigant

that the re-characterization will subject subsequent § 2255 motions to the law's 'second or

successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend,

the filing." Castro, 540 U.S. at 376; see also  Palmer, 296 F. 3d at 1146 (the district court "may

re-characterize a post-conviction motion made under another rule of law as a § 2255 only if it

first ensures that the movant is fully informed of § 2255's restriction on second or successive

2255 motions as well as other procedural hurdles implicated by re-characterization and the court

offers the movant an opportunity to withdraw his motion").  Thus, plaintiff should be given the

following warnings concerning the consequences that may result from the characterization of his

complaint as a §2255 motion, and give him an opportunity to withdraw his complaint if he

wishes to avoid these consequences.

First, 28 U.S.C. § 2255 requires that all claims attacking a conviction or sentence be

brought in a single motion. A second or successive § 2255 motion must be certified by the

appropriate U.S. Court of Appeals.  28 U.S.C. § 2255 ¶ 8. The Court of Appeals will not

authorize a second or successive § 2255 motion unless it contains: (1) newly discovered

evidence that would establish, by clear and convincing evidence, that the defendant is not guilty

---

[3] Before transferring plaintiff's complaint, however, this Court should give the plaintiff notice of the proposed transfer and an opportunity to be heard on the issue. See Chatman-Bey v. Thornburgh, 864 F.2d 804, 814 (D.C. Cir. 1988) (prior to transfer, court should provide habeas petitioner "with both notice of the District Court's anticipated action and an opportunity to set forth reasons why the case can (and should) properly be heard in this jurisdiction").

of the offense for which he was convicted; or (2) a new rule of constitutional law that the

Supreme Court makes applicable to cases on collateral review that was previously unavailable.

Id.

  Second, plaintiff should be advised that § 2255 motions are subject to a one-year period

of limitation. 28 U.S.C. § 2255 ¶ 6. The one year period of limitation requires a court to dismiss

a § 2255 motion unless it is filed within one year of the latest of the following dates:

(1) the date on which the judgment of conviction became final; (2) the date upon which the

impediment to making a motion created by governmental action in violation of the Constitution

of the laws of the United States is removed, if the movant was prevented from making a motion

by such governmental action; (3) the date on which the right asserted was initially recognized by

the Supreme Court, if that right has been newly recognized by the Supreme Court and made

retroactively applicable to cases on collateral review; or (4) the date on which the facts

supporting the claim or claims presented could have been discovered through the exercise of due

diligence.

  Finally, if plaintiff's complaint is characterized as a § 2255 motion, he must be given the

opportunity to withdraw the instant complaint before it is so characterized.  Additionally,

plaintiff should be warned that any motion attacking the legality of his conviction or sentence

will be subject to the restrictions of § 2255.

## CONCLUSION

  **WHEREFORE**, the federal defendants respectfully request that, for the above-stated

reasons, plaintiff's complaint be characterized as a § 2255 motion, and he be allowed to either

withdraw the instant complaint or agree to let the complaint be characterized as a § 2255 motion

within 60 days of the date this Court orders plaintiff to make such a choice.  If plaintiff allows

his complaint to be characterized as a § 2255 motion, the federal defendants request that this

Court transfer plaintiff's complaint to the United States District Court for the Southern District

of Texas as a motion made pursuant to 28 U.S.C. § 2255.

       A proposed Order is attached.


                                        Respectfully submitted,

                                        JEFFREY A. TAYLOR
                                        United States Attorney
                                        D.C. Bar Number 498-610

                                        /s/ Robert D. Okun
_____
                                        ROBERT D. OKUN
                                        Assistant United States Attorney
                                        Chief, Special Proceedings Division
                                        D.C. Bar Number 457-078


                                        /s/ Tricia D. Francis
_____
                                        TRICIA D. FRANCIS
                                        Assistant United States Attorney
                                        D.C. Bar No. 357-800
                                        Special Proceedings Division
                                        555 4th Street, N.W., Room 10-447
                                        Washington, D.C. 20530
                                        (202) 353-9870

## **CERTIFICATE OF SERVICE**

       I HEREBY CERTIFY that a copy of the instant motion has been filed electronically with the Court and served by mail upon plaintiff, Carlos J. Hinjosa, Federal Registration No. 34033-179, FCI Oakdale, P.O. Box 5000, Oakdale, LA 71463, on this __6th___ day of August, 2007.


                                   ___/s/ Tricia D. Francis_____
                                     Tricia D. Francis
                                     Assistant United States Attorney

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CARLOS J. HINOJOSA** | : | |
| **Plaintiff** | : | |
| | : | **Civil Action No. 07-cv-00860 (HHK)** |
| **v.** | : | |
| | : | |
| **ALBERTO GONZALEZ, et al.** | : | |
| **Defendants** | : | |
| | : | |

## <u>ORDER</u>

After reviewing plaintiff's complaint and the defendants motion to transfer, this Court believes that the claims in plaintiff's complaint, which was filed pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure, may only be raised in a motion filed pursuant to 28 U.S.C. § 2255. Therefore, this Court intends to construe plaintiff's <u>pro se</u> Rule 60(b)(4) complaint as a § 2255 motion. However, before I take this action, I need to inform plaintiff of some of the consequences that may result from the characterization of his complaint, and give him an opportunity to withdraw his complaint if he wishes to avoid these consequences. Therefore, I am providing plaintiff with the following advisement pursuant to <u>United States v. Castro</u>, 540 U.S. 375 (2003), and <u>United States v. Palmer</u>, 296 F.3d 1135 (D.C. Cir.2002).

First, the law related to § 2255 motions requires all claims challenging the legality of a conviction or sentence be brought in a single motion. If I characterize your complaint as a § 2255 motion, you will not be able to file any more motions challenging your conviction or sentence unless the appropriate U.S. Court of Appeals authorizes you to file such a motion. In this regard, you should be aware that the Court of Appeals will not authorize you to file a second or successive § 2255 motion unless the motion contains: (1) newly discovered evidence that would establish, by clear and convincing evidence, that you are not guilty of the offense for

which you were convicted; or (2) a new rule of constitutional law that the Supreme Court makes applicable to cases on collateral review.

Second, if I characterize your complaint as a § 2255 motion, you will be subject to the one year period of limitation contained in § 2255. This period of limitation requires a court to dismiss a § 2255 motion unless it is filed within one year of the latest of the following dates:  (1) the date on which your conviction becomes final; (2) the date on which any governmental interference preventing you from filing such a motion is removed; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made applicable to cases on collateral review; or (4) the date on which the facts supporting your claims could have been discovered if you acted with reasonable diligence.

Third, because of the consequences that may result if I characterize your complaint as a § 2255 motion, I will afford you the opportunity to withdraw your complaint before I characterize it as a § 2255 motion. In the event that you decide to withdraw your complaint and file another motion in its place, please be aware that any motion attacking your conviction or sentence will be subject to the restrictions on § 2255 motions that I have described in the paragraphs above.

Accordingly, you will have 60 days after the date of this order in which to inform the Court whether you wish to withdraw your complaint or have me characterize it as a § 2255 motion.  If I do not receive your response within that time period, I will characterize your complaint as a motion filed under 28 U.S.C. § 2255.

2

Furthermore, if this Court characterizes plaintiff's complaint as a motion for post-conviction relief pursuant to 28 U.S.C. § 2255, the federal defendants motion to transfer the plaintiff's complaint will be granted and the complaint will be transferred to the United States District Court for the Southern District of Texas.

**SO ORDERED**, this _____day of _____,2007.

_____
Henry H. Kennedy
United States District Court Judge

Copies To.

Tricia D. Francis, Esq.
Assistant United States Attorney
United States Attorney's Office for D.C.
Special Proceedings Division
555 4th Street, N.W., Room 10-447
Washington, D.C. 20530

Carlos J. Hinjosa
Registration No. 34033-179
F.C.I. Oakdale
P.O. Box 5000
Oakdale, LA 71463

ATTACHMENT A

AO 245B     (Rev. 08/05) Judgment in a Criminal Case
Sheet 1

United States District Court
Southern District of Texas
ENTERED

# UNITED STATES DISTRICT COURT

## Southern District of Texas

### Holding Session in Brownsville

FEB - 6

Michael N. ̇̇̇y, Clerk of Court
By Deputy Clerk

UNITED STATES OF AMERICA

v.

## CARLOS JORGE HINOJOSA

aka: Carlos J. Hinojosa

# JUDGMENT IN A CRIMINAL CASE

CASE NUMBER: **7:03CR01010-001**

USM NUMBER: 34033-179

Rudy X. Rodriguez
Defendant's Attorney

☐ See Additional Aliases.

**THE DEFENDANT:**

☒ pleaded guilty to count(s)     31 on August 19, 2005

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. § 1956(a)(1)(A)(i) and 18 U.S.C. § 2 | Money Laundering Promotion and Aiding and Abetting | 03/08/2004 | 31 |

☐ See Additional Counts of Conviction.

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s) 1, 2, 3 to 6, 7 to 30, and 32 to 45     ☐ is ☒ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

January 20, 2006
Date of Imposition of Judgment

Signature of Judge

**HILDA G. TAGLE**

**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

2/3/06
Date

MF     209722
LSL

AO 245B     (Rev. 08/05) Judgment in a Criminal Case
            Sheet 2 -- Imprisonment

DEFENDANT:   **CARLOS JORGE HINOJOSA**                          Judgment -- Page 2 of 6
CASE NUMBER:   **7:03CR01010-001**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a
total term of _____ 169 months

It is the order of the Court that the PSI in this case is for use by the Bureau of Prisons employees only and SHALL NOT be further
disclosed to any other party (other than the defendant), agency or individual without written permission of this Court, except in
instances of escape or failure to surrender, when the report is needed by the U.S. Marshals.

☐   See Additional Imprisonment Terms.

☒   The court makes the following recommendations to the Bureau of Prisons:
    The defendant be placed at FCI - Three Rivers, Texas, as long as the security needs of the Bureau of Prisons are met.

    The defendant participate in a substance abuse evaluation and treatment program while in custody.

☒   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:
    ☐   at _____ ☐ a.m. ☐ p.m.   on _____ .
    ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐   before 2 p.m. on _____ .
    ☐   as notified by the United States Marshal.
    ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.


                                        _____
                                        UNITED STATES MARSHAL

                                    By  _____
                                        DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 08/05) Judgment in a Criminal Case
            Sheet 3 -- Supervised Release

DEFENDANT:  **CARLOS JORGE HINOJOSA**                          Judgment -- Page 3 of 6
CASE NUMBER:  **7:03CR01010-001**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:  3 years.

☐   See Additional Supervised Release Terms.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. *(for offenses committed on or after September 13, 1994)*

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

☒   See Special Conditions of Supervision.

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   tje defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B     (Rev. 08/05) Judgment in a Criminal Case
            Sheet 3C -- Supervised Release

Judgment -- Page 4 of 6

· DEFENDANT:   **CARLOS JORGE HINOJOSA**
CASE NUMBER:   **7:03CR01010-001**

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall participate in a program, inpatient or outpatient, for the treatment of drug and/or alcohol addiction, dependency or abuse which may include, but not be limited to urine, breath, saliva and skin testing to determine whether the defendant has reverted to the use of drugs and/or alcohol. Further, the defendant shall participate as instructed and as deemed necessary by the probation officer and shall comply with all rules and regulations of the treatment agency until discharged by the Program Director with the approval of the probation officer. The defendant shall further submit to drug-detection techniques, in addition to those performed by the treatment agency, as directed by the probation officer. The defendant will incur costs associated with such drug/alcohol detection and treatment, based on ability to pay as determined by the probation officer.

The defendant is required to participate in a mental health program as deemed necessary and approved by the probation officer. The defendant will incur costs associated with such program, based on ability to pay as determined by the probation officer.

The defendant is required to provide the probation officer access to any requested financial information. If a fine or restitution amount has been imposed, the defendant is prohibited from incurring new credit charges or opening additional lines of credit without approval of the probation officer.

The defendant shall make payments from any wages he may earn in prison in accordance with the Bureau of Prisons Inmate Financial Responsibility Program.

AO 245B    (Rev. 08/05) Judgment in a Criminal Case
Sheet 5 -- Criminal Monetary Penalties

DEFENDANT:  **CARLOS JORGE HINOJOSA**
CASE NUMBER:  **7:03CR01010-001**

Judgment -- Page 5 of 6

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $100.00 | $0.00 | $6,659,493.90 |

Total restitution is $6,659,493.90 of which $3,559,493.90  is joint and several with Francisco Loya, Jr., 7:03CR01010-002. The defendant is solely liable for the balance of $3,100,000.00 for the Solegasa Del Norte victims.

☐  See Additional Terms for Criminal Monetary Penalties.

☐  The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal payees must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Financial Litigation Unit | $3,559,493.90 | $3,559,493.90 | 1 |
| c/o U. S. Attorney's Office |  |  |  |
| Solegasa Del Norte | $3,100,000.00 | $3,100,000.00 | 2 |
| c/o Financial Litigation Unit |  |  |  |

☐  See Additional Restitution Payees.

| **TOTALS** | $ 6,659,493.90 | $ 6,659,493.90 |
|---|---|---|

☐  Restitution amount ordered pursuant to plea agreement $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐  the interest requirement is waived for the ☐ fine    ☐ restitution.

    ☐  the interest requirement for the ☐ fine    ☐ restitution is modified as follows:

☐  Based on the Government's motion, the Court finds that reasonable efforts to collect the special assessment are not likely to be effective. Therefore, the assessment is hereby remitted.

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B     (Rev. 08/05) Judgment in a Criminal Case
            Sheet 6 -- Schedule of Payments

Judgment -- Page 6 of 6

· DEFENDANT:   **CARLOS JORGE HINOJOSA**
CASE NUMBER:   **7:03CR01010-001**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ☒  Lump sum payment of $ _100.00_____ due immediately, balance due

    ☐  not later than _____, or
    ☒  in accordance with ☐ C, ☒ D, ☐ E, or ☒ F below; or

B  ☐  Payment to begin immediately (may be combined with ☐ C,   ☐ D, or ☐ F below); or

C  ☐  Payment in equal _____ installments of $ _____ over a period of_____ , to commence _____ days
    after the date of this judgment; or

D  ☒  Payment in equal _monthly_ installments of $ ___195,867.46_ over a period of _34_ _months_ , to commence _60_ days
    after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ days after release from imprisonment. The court
    will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☒  Special instructions regarding the payment of criminal monetary penalties:
    Make all payments payable to: U. S. Attorney's Office, Financial Litigation Unit, P. O. Box 61129, Houston, Texas 77208.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒  Joint and Several

**Case Number**
**Defendant and Co-Defendant Names**
**(including defendant number)**

| Defendant and Co-Defendant Names (including defendant number) | | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|---|
| 7:03CR01010-001 | Carlos Jorge Hinojosa | $6,659,493.90 | $3,559,493.90 | Financial Litigation Unit |
| 7:03CR01010-002 | Francisco Loya, Jr. | $3,559,493.90 | $3,559,493.90 | Financial Litigation Unit |

☐  See Additional Defendants and Co-Defendants Held Joint and Several.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

☐  See Additional Forfeited Property.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

ATTACHMENT B

$M - o3 - 101 0 - 01$
United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 10, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
For the Fifth Circuit

Michael N. Milby, Clerk

---

No. 06-40219
consolidated with 05-40435, 05-41188, 06-40009 and 06-40010

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS J. HINOJOSA,

Defendant-Appellant.

---

Appeals from the United States District Court
for the Southern District of Texas

---

Before DAVIS and STEWART, Circuit Judges, and CRONE\*, District Judge.

W. EUGENE DAVIS, Circuit Judge:

Defendant Carlos J. Hinojosa appeals several aspects of his sentence for money laundering imposed after a guilty plea. Hinojosa's principal argument relates to the determination of the value of the funds for purposes of U.S.S.G. § 2S1.1, and the grouping of offenses included in that determination under U.S.S.G. § 3D1.2(d) and U.S.S.G § 1B1.3(a)(1) and (2). Finding no error in the district court's factual finding of relevant conduct, we affirm that part of the sentence predicated on that finding. Because the government concedes error in the order of restitution, we vacate the sentence in that respect and remand for resentencing.

---

\*District Judge of the Eastern District of Texas, sitting by designation.

I.

In October 2003, Francisco Loya, Jr., and Carlos Jorge Hinojosa, also known as Carlos J. Hinojosa, were indicted on multiple charges including conspiracy to commit securities fraud in violation of 18 U.S.C. § 371 (Count 1), securities fraud in violation of 15 U.S.C. §§ 77q(a) and 77x as well as aiding and abetting the same in violation of 18 U.S.C. § 2 (Count 2), wire fraud in violation of 18 U.S.C. §§ 2 and 1343 (Counts 3-6), mail fraud in violation of 18 U.S.C. §§ 2 and 1341 (Counts 7-30) and money laundering in violation of 18 U.S.C. §§ 2 and 1956(a)(1)(A)(i) (Counts 31-45).

In August 2005, Hinojosa entered a plea of guilty to Count 31 of the indictment, which alleged that Hinojosa had committed the crime of money laundering by conducting a financial transaction with the proceeds of the charged conspiracy, specifically the writing of a check on a bank account on July 14, 1998, payable to one of the named victims of the conspiracy in the amount of $4,000.

The prosecutor offered the following summary as a factual basis for the plea at Hinojosa's rearraignment/guilty plea proceeding: (1) Hinojosa operated a fraudulent investment program through the entities Economic Solutions and El Crucero in which he promised investors high rates of return and security of principal through investment in secret offshore trading accounts through various banks; (2) the program offered by Hinojosa does not exist; (3) Hinojosa represented falsely that his co-defendant Loya was a certified public accountant; (4) Hinojosa and Loya collected money from investors and sent the funds to another entity, which would return the investors funds to be distributed to earlier investors as purported profits in the form of a Ponzi scheme; (5) Hinojosa, as part of this scheme, caused a purported profits check to be sent to a

2

named victim on July 14, 1998, as recited in the indictment; and (6) Hinojosa operated this investment scheme from January 1998 through November 15, 1998, when the State of Texas Securities Board ordered the operations to cease.

The prosecutor further stated that Hinojosa operated a second fraudulent investment scheme under the company name Solegasa del Norte during 2002. The prosecutor described the program as one in which Hinojosa took money from "members" in the purported investment program and told the members he would invest the money in existing high-yield investment programs. The programs were not in place and did not exist. No criminal charges were filed in connection with this scheme. At rearraignment, the district court admonished Hinojosa that restitution in the amount of $3,559,493.90 could be ordered. This restitution amount relates only to the charged fraud scheme, not the Solegasa del Norte scheme.

In its PSR, the Probation Office, using the 1998 Sentencing Guidelines began with a base offense level of 23 under U.S.S.G. § 2S1.1(a)(1) because Hinojosa was convicted of violating 18 U.S.C. § 1956(a)(1)(A)(i). The PSR applied an enhancement of 9 offense levels because the value of the funds involved in the two schemes exceeded $10,000,000. As a basis for this amount, the PSR stated that the Texas State Securities Board "confirmed the total amount of relevant conduct attributable to Hinojosa is $11,068,502.57." It is clear from the record that this amount includes losses attributable to the 2002 Solegasa del Norte fraud. The PSR also includes an attached list of victims and the amounts of their losses. The PSR further added a four-level enhancement for Hinojosa's role as a leader or organizer of a criminal activity involving more than five participants or that is otherwise extensive, pursuant to U.S.S.G. § 3B1.1(a). The PSR reduced the offense level by two levels for acceptance of responsibility under U.S.S.G. §

3

3E1.1(a). As a consequence, Hinojosa had a total offense level of 34. With Hinojosa's Criminal History Category of I, this produced a Guideline imprisonment range of 151 to 188 months. The PSR further recommended restitution in the amount of $6,659,493.90, which is based on losses resulting from the scheme underlying the indictment and the amount attributed to the 2002 Solegasa del Norte scheme.

Hinojosa filed two sets of written objections to the PSR. In the first set of objections, Hinojosa objected, among other things, to the attribution of amounts associated with Solegasa del Norte as relevant conduct and to the value of the funds exceeding $10,000,000, stating that the government had failed to prove such amount. Counsel for Hinojosa renewed these objections at sentencing. With regard to Solegasa del Norte, counsel argued that losses attributable to that scheme were not relevant conduct because that scheme was not charged in the indictment, was not a common plan or scheme with the charged conduct, and did not have common victims. Counsel further challenged the reliability of the evidence related to the calculation of losses exceeding $10 million, stating that the appropriate amount of loss was the $6.5 million set forth in the judgment with the State of Texas, as reflected in the PSR. Counsel further argued that the $10 million amount was improper because it included losses attributable to Solegasa del Norte and because no documentary proof was provided supporting the amount.

At sentencing, the district court overruled the objections. The district court stated that Solegasa del Norte losses were properly treated as relevant conduct because it was a common scheme with the charged conduct. The district court further found that Hinojosa did not object to the reference to Solegasa del Norte at the rearraignment. Upon further questioning of the government, the district court noted that the Probation Officer's response indicated that the Texas

4

State Securities Board investigators stated that evidence established a total loss amount of $7,968,502.57 attributable to the charged conspiracy and $3,100,000 attributable to the uncharged Solegasa del Norte conduct. The district court determined that the combined amount was properly treated as the total loss. The district court imposed a sentence of imprisonment of 169 months, followed by three years of supervised release, a $100 special assessment and ordered restitution in the amount of $6,659,493.90, which includes net losses attributable both to the conspiracy charged in the indictment and to the Solegasa del Norte scheme.

Hinojosa appeals.

## II.

The district court's interpretation and application of the Sentencing Guidelines is reviewed de novo and its factual determinations for clear error. United States v. Rodriguez-Mesa, 443 F.3d 397, 400-01 (5th Cir. 2006). "A finding by the district court that unadjudicated conduct is part of the same course of conduct or common scheme or plan is a factual determination subject to review by this court under the clearly erroneous standard." United States v. Ocana, 204 F.3d 585, 589 (5th Cir. 2000).

## III.

U.S.S.G. § 2S1.1, which applies to money laundering offenses, provides for an enhancement based on the value of the funds involved in the offense. U.S.S.G. § 2S1.1(b)(2). Hinojosa and the government agree that in determining the value of the funds laundered, losses attributable to fraud can be grouped with losses attributable to money laundering if the offenses can be properly grouped under § 3D1.2(d). See U.S.S.G. § 1B1.3(a)(1) and (2). U.S.S.G. § 1B1.3 groups offenses (1) "that occurred during the commission of the offense of conviction, in

5

preparation for that offense, or in the course of attempting to avoid detection or responsibility for

that offense," and acts (2) "that were part of the same course of conduct or common scheme or

plan as the offense of conviction." Hinojosa's offenses were grouped under the second category.

The Commentary to U.S.S.G. § 1B1.3 states that "common plan or scheme" and "same

course of conduct" are closely related concepts:

> (A) Common scheme or plan. For two or more offenses to constitute part of a
> common scheme or plan, they must be substantially connected to each other by at
> least one common factor, such as common victims, common accomplices,
> common purpose, or similar modus operandi. For example, the conduct of five
> defendants who together defrauded a group of investors by computer
> manipulations that unlawfully transferred funds over an eighteen-month period
> would qualify as a common scheme or plan on the basis of any of the above listed
> factors; i.e., the commonality of victims (the same investors were defrauded on an
> ongoing basis), commonality of offenders (the conduct constituted an ongoing
> conspiracy), commonality of purpose (to defraud the group of investors), or
> similarity of modus operandi (the same or similar computer manipulations were
> used to execute the scheme).

> (B) Same course of conduct. Offenses that do not qualify as part of a common
> scheme or plan may nonetheless qualify as part of the same course of conduct if
> they are sufficiently connected or related to each other as to warrant the
> conclusion that they are part of a single episode, spree, or ongoing series of
> offenses. Factors that are appropriate to the determination of whether offenses are
> sufficiently connected or related to each other to be considered as part of the same
> course of conduct include the degree of similarity of the offenses, the regularity
> (repetitions) of the offenses, and the time interval between the offenses. When one
> of the above factors is absent, a stronger presence of at least one of the other
> factors is required. For example, where the conduct alleged to be relevant is
> relatively remote to the offense of conviction, a stronger showing of similarity or
> regularity is necessary to compensate for the absence of temporal proximity. The
> nature of the offenses may also be a relevant consideration (e.g., a defendant's
> failure to file tax returns in three consecutive years appropriately would be
> considered as part of the same course of conduct because such returns are only
> required at yearly intervals).

U.S.S.G. § 1B1.3, comment 9.

Hinojosa argues that the 2002 Solegasa del Norte transactions are not relevant conduct to

6

the 1998 offense of conviction. He points to the 3 to 4 year interval between the two schemes and that the two schemes did not involve the same victims or accomplices. Hinojosa concedes that the purpose and modus operandi may be similar but contends that there is no evidence that the two schemes were jointly planned or that the commission of one entailed the commission of the other.

As an initial matter we question Hinojosa's assertion that in order to be relevant conduct the two offenses must be jointly planned or that commission of one must entail the commission of the other. No such requirement is contained in the guidelines or the commentary. Hinojosa extracts this requirement from language quoted from an opinion dealing with aggregation of offenses for criminal history purposes. See United States v. Alvarado-Santilano, 434 F.3d 794, 799 (5ᵗʰ Cir. 2005). The issue in Alvarado-Santilano was whether the defendant's offense of conviction for illegal reentry after deportation was relevant conduct to a prior offense for false claim of citizenship for purposes of determining his criminal history level. In response to a weak argument by the defendant that the two crimes shared a common purpose and create the same social harm, the court stated "The government argues, however, 'scheme' and 'plan' are 'words of intention, implying that the [offenses were] jointly planned, or at least that it would have been evidence that the commission of one would entail the commission of the other as well.'" Id. , citing United States v. Robinson, 187 F.3d 516, 520 (5ᵗʰ Cir. 1999), which in turn quotes from United States v. Ali, 951 F.2d 827, 828 (7ᵗʰ Cir. 1992). Both Robinson and Ali address the question whether multiple prior convictions should be grouped as "related cases" under U.S.S.G. § 4A1.2(a)(2). U.S.S.G. § 4A1.2(a)(2) groups prior offenses as related cases if they are part of a "single common scheme or plan" to determine a defendant's criminal history. In United States

7

v. Yerena-Magana, ___ F.3d ___, 2007 WL 441873 (5th Cir. Feb. 12, 2007), we specifically held that the inquiry whether prior sentences were sentences imposed in related cases within the meaning of § 4A1.2(a)(2) is a different inquiry from whether a prior sentence includes conduct that is part of the charged offense, which focuses on relevant conduct by reference to § 1B1.3. U.S.S.G. § 4A1.2(a)(1).

To the extent Alvarado-Santilano is helpful in analyzing this case, we do not read the opinion as holding that joint planning or interdependence of offenses are necessary requirements for two offenses to be relevant conduct. Such findings would certainly support a conclusion that two offenses are part of a common scheme or plan, because joint planning and interdependence would likely also involve common victims, accomplices or purpose between the offenses. However, the guidelines only require that the two offenses "be substantially connected to each other by at least one common factor." As we conclude later in this opinion, that requirement is clearly met in this case.

For two or more offenses to be part of a common scheme or plan they must be substantially connected by at least one common factor. U.S.S.G. § 1B1.3, commentary n.9. In this case, the Solegasa del Norte scheme and the charged frauds were linked by two factors - a common purpose and a similar modus operandi. The purpose of both schemes was to defraud victims in an investment scheme. Although there was no commonality among Hinojosa's victims or accomplices, the schemes, as Hinojosa concedes, had a similar modus operandi. In both, Hinojosa set up a classic Ponzi scheme using a professional (C.P.A. or attorney) to give the scheme the appearance of legitimacy. Both schemes used hired solicitors to promote the scheme and sell the phony investment products to investors promising high rates of return in a short

8

period and claiming relationships with international banks. After reviewing the record, other differences between the two schemes are not enough to leave us with the definite and firm conviction that a mistake has been made by the district court in treating these two offenses as relevant conduct for purposes of sentencing.[1]  See United States v. Buck, 324 F.3d 786, 796-97 (5th Cir. 2003)(Defendant used a nonprofit rural development organization to defraud two different government programs of social services funds, making similar certifications that the organization would abide by the requirements of the programs, and then using the funds for the operation of the organization, rather than the limited purposes for which the grants were specified. Despite "obvious differences" between the two crimes, no clear error in treating them as part of a common scheme or plan. ) Based on these facts, we cannot say that the district court clearly erred in its conclusion that the charged offense and the Solegasa Del Norte scheme were part of a common scheme or plan.

IV.

Hinojosa also argues that the district court misapplied the Sentencing Guidelines and reversibly erred by determining the value of funds for purposes of the enhancement under U.S.S.G. § 2S1.1(b)(2) based on internally inconsistent information in the PSR. The government counters that the two sources Hinojosa refers to measure different things. One is a list with the adjusted loss amount per victim (net of any funds recovered) for purposes of victim impact at sentencing. The other reflects the total value of the funds laundered, which is the appropriate

---

[1]  Hinojosa emphasizes the length of time between the scheme charged in the offense of conviction and the Solegasa del Norte scheme. The "time interval between offenses" is more relevant to determine whether two offenses are part of the "same course of conduct." U.S.S.G. § 1B1.3, comment 9(B). The time interval between the two schemes in this case does not prevent them from being part of a common scheme or plan.

measure for the sentencing enhancement when a defendant is sentenced for a money laundering offense. U.S.S.G. § 2S1.1; United States v. Allen, 76 F.3d 1348, 1369 (5th Cir. 1996). Essentially, Hinojosa is comparing apples to oranges. Under the plain error standard, which applies because Hinojosa raises this objection for the first time on appeal, we find no basis for overturning the district court's determination of the total value of the funds laundered. United States v. Fernandez-Cusco, 447 F.3d 382, 384-85 (5th Cir. 2006).

V.

The district court's judgment ordered restitution of net losses attributable to the offense of conviction plus $3.1 million attributable to the Solegasa del Norte transactions in 2002, for a total of $6,659,493.90. Hinojosa argues that the district court erred in including the $3.1 million from the Solegasa scheme because that scheme was outside the scope of the indictment and inconsistent with the understanding of the parties to the oral plea. The government conceded error on this point at oral argument. Accordingly, we must vacate the sentence to permit the district court to reduce the restitution order by deleting the amount involved in the Solegasa del Norte scheme.

In a related argument, Hinojosa contends that the district court failed to consider his financial circumstances when it ordered a restitution payment schedule. Because the district court did not explicitly consider Hinojosa's financial circumstances when ordering a restitution schedule, on remand the district court is reminded to do so in setting the restitution payment schedule as set forth at 18 U.S.C. § 3664(f)(2).

VI.

For the foregoing reasons, Hinojosa's sentence is VACATED and REMANDED to the

10

district court for resentencing consistent with this opinion.

AFFIRMED in part.

VACATED in part.

REMANDED.