UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

RECEIVED
AUG 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CARLOS JORGE HINOJOSA
℅ P.O. BOX 716
Mercedes, Texas 78570

Case: 1:07-CV-00860
Assigned to: Kennedy, Henry H.

Vs.

| Alberto Gonzalez | Micheal T. Shelly | Hilda Tagle | Micheal Milby |
|---|---|---|---|
| USAG | AUSA | Judge-USDC | Clerk of the Court |
| 950 Penn. Ave - N.W. | Hwy 83 W. & 17½ St | 600 E Harrison | 600 E. Harrison St. |
| Washington, DC 20530 | McAllen, TX 78502 | Brownsville, TX | Brownsville, TX 78520 |

BY SPECIAL APPEARANCE

NOTICE OF

AFFIDAVIT OF INNOCENTS

AND

DEMAND FOR RELEASE

(1 of 5)

TO THE Honorable Court And Judge,

I, CARLOS JORGE: HINOJOSA, Hereinafter "AFFIANT"/PLAINTIFF HAVING been duly SWORN, declare under the LAWS And PENALTY of Perjury, there Has been NO RESPONSE by the defendants IN this case No.: 1:07-cv-00860 entitled Void Judgement under 60(b)(4). Defendants HAD 60 days to Respond From MAY 14, 2007, Day defendants Signed-Received Summons.

All defendance (together and individualy) FAiled to PREFORM AFTER Receiving the presentment 60(b)(4) Void Judgement From CARLOS Jorge Hinojosa, and you All Failed to PREFORM by Not Responding or Providing the Necessary PROOF of CLAIM(S) by your Silence.

"Silence can only equate with Fraud where there is a Legal or Moral duty to Respond or where an inquiry Left unAnswed would be intentionally Misleading." U.S. v Prudden, #24 F. 2d. 1021 (1070)



(2 of 5)

Under the Authority of the Administrative Procedures Act 5 U.S.C. 556 "D" <u>BURDEN OF PROOF</u>, "The proponet of a rule or order bears the burden of proof." The Supreme Court has stated that "if any tribunal (court) finds absence of jurisdiction over person and of subject matter, <u>the case must be dismissed</u>."

For Referance, see <u>Louisville RR v. Motley</u>, 211 US 149, S.Ct 42 Claimants are relying upon the same measures and enforcing the same Requirments in exhausting the Administrative process as to Proof of wrong doing, Injuries, Liability, Fraud, Wrongfull Termination, Medical Malpractice, Violation of Due Process of Law, Violation of The Fourth Amendment, Misapplication of Statute, Malicious Prosecution, Lack of Jurisdiction/Subject Matter Jurisdiction, Prosecution, Lack of or otherwise as Applied to the inquier here to. (<u>See Pleadings Attached</u>)

The defendances by their actions/non-actions Have all (together and individualy) <u>Agreed/Consented</u> and stipulted to the facts that they, nor the Court (United States District Court, Southern District Court of Texas, Brownsville, Texas 78520) <u>DID NOT Have</u> and <u>does NOT NOW Have</u> <u>Subject matter Jurisdiction</u> over case (No: 03-CR-1010-01) Carlos Jorge Hinojosa.

(3 of 5)



THe deFendants (together and individually) <u>All Agree, HAve Consented</u> to THe Void Judgement As stipuled in the 60(b)(4) Filed in This Honorable Court. Therefore the Void Judgement Filed/Recorded stands as

"THe TRuTH, THe WHole TRuTH And NoTHing but the TRuTH."

THe AFFiant/Secured PARTy, <u>CARlos Jorge Hinojosa, is Innocent</u> of Any and All CHARges that Were Filed/Recorded against Him by the defendants/Court.

I, CARlos Jorge Hinojosa <u>Plead My INNOCENTS</u> And Demand this Honorable Court And Judge <u>issue A Void Judgement</u>, dismiss the case (No: 03-cr1010-01) Against CARlos Jorge Hinojosa And issue A <u>Release From INCARCERATION</u> immediately. Affiant/Secured PARTy PLAiNTiff Also demands that the order of Court And any and All Criminal Bonds issued in the name of secured PARTy NAmed PROperTy be Released to secured PARTy owner, CARlos Jorge Hinojosa©

(4 of 5)



NOTARIZED OATH
VERIFICATION OF Identity

CARLos Jorge Hinojosa, First being duly sworn, deposed and says: He is the Affiant Herein, and that He has Read the following Notice of Affidavit of Innocents and Demand for Release, For the Release submitted to the Agency Listed on cover page thereof. That the identity and data submitted for this Request is True and Accurate upon the personal Knowledge of the Affiant.

_____
CARLos Jorge Hinojosa
Affiant / Legal Rep.

Scribed and sworn to me on this __1__ day of August 2007.

_____
Notary Public



ARMANDO R. SALDANA
Notary Public, State of Texas
My Commission Expires 09-03-09

(5 of 5)

## CERTIFICATE OF SERVICE

I, Carlos Jorge Hinojosa, hereby certify that on this ___ day of _____, 20___. I mailed a true and correct copy of the foregoing:

By way of first class, postage pre-paid, United States Mail to the following:

Michael T. Shelby
**United States Attorney**
1701 West Highway 83, Suite 600
McAllen, Texas 78501

Hilda tagle d.b.a. District Judge
**United States District Court**
600 East Harrison Street
Brownville, Texas 78520

Independent 3rd Party (even as Notary)

Armondo Saldana
**Notary Public**
1038 Third Street
Mercedes, Texas 78570

Alberto Gonzalez
USAG
950 Penn. Ave-N.W.
Washington, D.C. 20530

Micheal Milby
Clerk of the Court
600 E. Harrison ST
Brownsville, TX 78520

_____
Carlos J. Hinojosa, sui juris
Authorized Representative
A Free and Sovereign Man
UCC 1-207

## Pleadings

Under Article III of the United States Constitution, when standing is challenged on the basis of the pleadings the United States Supreme Court will (1) accept as true all material allegations of the complaint, and (2) construe the complaint in favor of the complaining party. Pennell v. San Jose, 485 U.S. 1, 108 S.Ct. 849.

While a federal court plaintiff must set forth specific facts by affidavit or other evidence in order to survive a motion for summary judgment and must ultimately support any contested facts with evidence adduced at trial, general factual allegations of injury resulting from the defendant's conduct may, under some circumstances, suffice at the pleading stage, for on a motion to dismiss, the court presumes that general allegations embrace those specific facts that are necessary to supprot the clam. Bennett v. Spear, 520 U.S. 154, 117 S.Ct. 1154

What, other than affidavits, constitutes "matters outside the pleadings" which may controver motion under Federal Rules of Civil Procedure 12(b), (c), into motion for summary judgement. 2 ALR Fed 1027

A motion to dismiss a suit on the ground that the requisit jurisdictional amount is not involved, reciting in support of the denial facts dehors the complaint, is an appropriate method of challenging the jurisdictional allegations of the complaint. KVOS v. Associated Press, 299 U.S. 269, 57 S.Ct. 197

If matters outside the pleadings are presented and not excluded by the Federal District Court at a hearing on a motion to dismiss the complaint, in part for its failure to state a claim on which relief can be granted, the court is required by Ruel 12(b) of the Federal Rules of Civil Procedure to treat the motion to dismiss as one for summary judgment and to dispose of it as provided in Rule 56 of the Federal Rules of Civil Procedure, Carter v. Statnton 405 U.S. 669, 92 S.Ct. 1232

Charges in the bill must be disregarded where they are denied by the answer if no evidence is given to sustain them Astor v. Wells, 4 Wheat 466

Where the writ mentions trespass with force and arms upon a storehouse, and seizure and distruction of goods, it covers a transitory as well as a local action. In such an action a venue to state where teh trial is to take place is good, without stating where the trespass was in fact committed McKenna v. Fisk, 1 How 241, 11 L.Ed. 117

(pg 1 of 2)



A motion to dismiss concedes the truth of allegations of the complaint. Icks v/ Fox 300 U.S. 82, 56 S.Ct. 412

For the purpose of a motion to dismiss a bill of complaint as failing to state a cause of action, the allegations of the bill stand as admitted. Polk Co. v. Glover, 305 U.S. 5, 59 S.Ct. 15

Facts appearing from the pleadings and by stipulation, in a suit to enjoin the enforcement of a federal statute and to have it declared unconstitutional are admitted for the purposes of a motion to dismiss the suit for want of equity jurisdiction and of a justiciable case or controversy. Coffman v. Breeze Corporations Inc., 323 U.S. 316, 65 S.Ct. 298

In determining whether a motion to dismiss a complaint was properly granted, the facts alleged in the complaint must be taken as true. United States v. Yellow Cab Co. 332 U.S. 218, 67 S.Ct. 1560

In determining the propriety of dismissing a complaint as failing to state a cause of action, the material facts stand admitted as if they had been proven. Mandeville Island Forms v. American Crystal Sugar Co., 334 U.S. 219, 68 S.Ct. 996

A motion to dismiss a complaint is deemed to admit the allegations of fact made in the complaint. United States v. New Wrinkel Inc. 342 U.S. 371, 72 S.Ct. 350

On dismissal of a complaint by the District court, the allegations in the complaint must be taken as true. United States v. International Boxing Club, 348 U.S. 236, 75 S.Ct. 259

In determining the propriety of a dismissal of the complaint, the court is bound to give the plaintiff the benefit of every reasonable inference from well-pleaded facts. Retail Clerks International Asso. v. Schermerhorn, 373 US. 746, 83 S.Ct. 1461

In passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader. Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683

For purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing court must accept as true all material allegations of the complaint. Warth v. Seldin, 442 U.S. 490, 95 S.Ct. 2197

(Pg 2 of 2)

