UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARLOS JORGE HINOJOSA,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>ALBERTO GONZALES,<br>U.S. ATTORNEY GENERAL et al.,<br><br>　　　　　　Defendants. | Civil Action 07-00860 (HHK) |

ORDER DIRECTING PLAINTIFF TO RESPOND
TO DEFENDANTS' MOTION TO TRANSFER PLAINTIFF'S
COMPLAINT TO THE SOUTHERN DISTRICT OF TEXAS

Defendants filed a motion on August 6, 2007, to transfer plaintiff's complaint to the Southern District of Texas [#3].  Plaintiff has designated the complaint as one brought pursuant to § 1983 of Title 42 of the United States Code and captioned it as an "Independent Action" brought "To Vacate Void Judgment Due To Lack Of Subject Matter Jurisdiction Pursuant to Federal Rule of Procedures [sic] 60(b)(4)."  Defendants contend (1) that the complaint is the functional equivalent of a motion filed, pursuant to § 2255 of Title 28 of the U.S. Code, seeking to collaterally attack plaintiff's conviction; and (2) that, because such a motion should be brought in the court where the defendant was sentenced,[1] it should be transferred to the Southern District of Texas.

---

[1] *See* 28 U.S.C. § 2255 ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence* to vacate, set aside or correct the sentence.") (emphasis added).

The court is not bound by a pro se litigant's characterization of his cause of action. A court must determine the proper characterization of a filing by the nature of the relief sought, *McLean v. United States*, 2006 WL 543999, at *1 (D.D.C. Mar.3, 2006), i.e., "to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis." *Castro v. United States*, 540 U.S. 375, 381–82 (2003).  Therefore, a motion functionally equivalent to a 28 U.S.C. § 2255 motion should be construed as such, regardless of the caption on the pleading. *United States v. Palmer*, 296 F.3d 1135, 1145 (D.C.Cir. 2002).  Upon the court's initial review, the complaint does appear to be the functional equivalent of a motion brought pursuant to § 2255.

As defendants note, a court cannot recharacterize a *pro se* motion as an initial § 2255 motion without first notifying the litigant of its intent to recharacterize the pleading, warn the litigant of the recharacterization's effect on restrictions for "second or successive" motions, and offers the party an opportunity to withdraw or amend his pleading. *Castro*, 540 U.S. at 383.  In addition, before transferring plaintiff's complaint, however, this court should give the plaintiff notice of the proposed transfer and an opportunity to be heard on the issue. *See Chatman-Bey v. Thornburgh*, 864 F.2d 804, 814 (D.C. Cir. 1988) (prior to transfer, court should provide habeas petitioner "with both notice of the District Court's anticipated action and an opportunity to set forth reasons why the case can (and should) properly be heard in this jurisdiction").

The court hereby notifies plaintiff that it is inclined to agree with defendants that his complaint is the functional equivalent to a § 2255 motion and that the court intends to recharacterize his complaint and transfer it to the appropriate court.  Pursuant to the Supreme Court's directive, therefore, plaintiff is advised that if the court characterizes the present

complaint as a § 2255 motion, any further motions will not be permitted unless authorized by the appropriate Court of Appeals.[2]  In addition, § 2255 motions are subject to a one-year period of limitations.[3]  To avoid the consequences of the court's recharacterization, plaintiff may withdraw his complaint if he wishes to do so.

If the court recharacterizes plaintiff's complaint, that recharacterization will dispose of this action in this court (though the action will continue in the court where defendant was sentenced).  In *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the D.C. Circuit held that a district court must take pains to advise a *pro se* party of the consequences of failing to respond to a dispositive motion. "That notice . . . should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case." *Id.* at 509.  Plaintiff is also referred to Local Rule 7(b) which provides that a party has eleven days

---

[2] 28 U.S.C. § 2255 requires that all claims attacking a conviction or sentence be brought in a single motion.  A second or successive § 2255 motion must be certified by the appropriate U.S. Court of Appeals. 28 U.S.C. § 2255 ¶ 8.  The Court of Appeals will not authorize a second or successive § 2255 motion unless it contains: (1) newly discovered evidence that would establish, by clear and convincing evidence, that the defendant is not guilty of the offense for which he was convicted; or (2) a new rule of constitutional law that the Supreme Court makes applicable to cases on collateral review that was previously unavailable. *Id.*

[3] The one-year period of limitation requires a court to dismiss a § 2255 motion unless it is filed within one year of the latest of the following dates: (1) the date on which the judgment of conviction became final; (2) the date upon which the impediment to making a motion created by governmental action in violation of the Constitution of the laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

within which to respond to a motion. Otherwise, under certain circumstances, the court may treat the motion as conceded.

For the foregoing reasons, it is this 8th day of August, 2007, hereby

**ORDERED** that plaintiff shall inform the court on or before September 26, 2007, whether he wishes to dismiss his complaint. If plaintiff does not wish to withdraw his complaint and/or has some other response to defendants' contentions that his complaint should be recharacterized as a § 2255 motion, he shall file such a response on or before September 26, 2007. If the court does not receive a response by that date, the complaint will be recharacterized as a § 2255 motion and transferred.

                Henry H. Kennedy, Jr.
                United States District Judge