In The District Court Of The United States
For The District Of Columbia
(Captioned pursuant to <u>Mookini v. United States</u>, 303 U.S. 201)

Carlos-Jorge: Hinojosa            :
    Plaintiff                  :

                      :

v.                                :    Case No. 1:07-CV-00860-HHK

                      :

Alberto Gonzales, et al.          :    ┌─────────────────────────────┐
    Defendant(s)               :    │   A Security  (15 U.S.C.)    │
                      :    │ This is a U.S. S.E.C. Tracer Flag │
                      :    │     Not A Point Of Law      │
                      :    └─────────────────────────────┘

**RECEIVED**

B Y   S P E C I A L   A P P E R A N C E

N O T I C E   OF   <u>O B J E C T I O N</u>   BY   A F F I D A V I T

SEP 2 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### NOTICE TO AGENT IS NOTICE TO PRINCIPAL
### NOTICE TO PRINCIPAL IS NOTICE TO AGENT

"Indeed no more than (affidavits) is necessary to make
a prima facie case." <u>United States v. Kis</u> 658 F.2d 526
536 (7th Cir. 1981), cert. denied. 50 U.S.L.W. 2169;
S. Ct. March 22, 1982.

Secured Party, Plaintiff Carlos- Jorge: Hinojoasa® herein
and hereby answers the UNITED STATES GOVERNMENT'S Motion to
Transfer by Affidavit, and hereby demands that any response
thereof be in the form of an Affidavit point-for-point signed
and sworn to in the responding partys christin  appellation,
as a person and not as a representative of the UNITED STATES
GOVERNMENT, as all defendants have the tendency to use mis-
representation and misstatement of facts duly recorded with
the Clerk of the Court for the District Court of the United
States. Sholud DEFENDANTS consider my Affidavit or opinions in error
respond by Affidavit <u>with proof</u>, point by point as required by law.



(Pg 1 of12)

COMES NOW, Secured Party, Plaintiff Carlos-Jorge: Hinojosa in his proper person (pro per) not on behalf of (pro se), and respectfully moves this Honorable Court of Article III jurisdiction to DENY the defendants Motion to Transfer and Reclassify, and states the following in the form of affidavit to wit:

1.    The Secured Party Plaintiff is a Free and Sovereign inhabitant upon the soil of the de jure united States of America, and not a subject of or to the UNITED STATES OF AMERICA a corporate entity.

2.    As the Secured Party, I would like to have the following facts put on the record. Secured Party does not want any assumption or misleading of the court by the defendants by falsely misrepresenting or trying to pursuade this Court that any of the filed and recorded documents/affidavits were filed as pro se, they were filed in proper person (pro per). in an independant action, I would direct the courts attention to the Motion Pursuant to Rule 60(b)(4) ¶1, page 1st Paragaph states: "Petitioner Carlos Jorge of the Hinojosa faimly, a Citizen of the Republic of Texas, inhabitant/sovereign lawful man (Secured Party) of the de jure UNITED STATES, herein pro per, **(in his proper person) not pro-se (on behalf of)** brings this independent action, not a motion, to vacate the civil judgment in a criminal case..."

3.    The Secured Party would like to inquire what relevance this Motion to Transfer and Reclassify has at this time, in this Honorable Article III Court of jurisdiction, as all defe-



ndants <u>have all consented</u> to by dishonor through "Default" and more importantly, the statutory time limit of 60 days had expired before the filing of the Motion to Transfer and Reclassify.

It is the opinion of the Secured Party that the defendants have attempted a 99th hour motion to avoid lawfully answering the Motion pursuant to Rule 60(b)(4) presented by the Secured Party. Ignorance of the law is no excuse, and the Defendants motion should be denied as moot due to the passing of the statutory time limit set by this court. The defendants are trying to commit a fraud upon the court by ignoring the law and any and all rights belonging to the Secured Party Plaintiff in this civil action.

### N O T I C E

This Honorable Court has entered into a contract with both the Plaintiff (Secured Party) and the Defendants to hear, rule, and make judgment on this civil action. The defendants had sixty (60) days upon which to respond <u>or object</u> to the motion/petition of the Secured Party and all defendants chose to remain silent, and therefore this contract became final when the 60 days had elapsed and no response was had. This became a final judgment pursuant to Article VI of te Constitution as entered into by all parties when the Clerk of the Court accepted the Rule 60(b)(4) by filing and recording it, as well as accepting the filing fee of $350.00 as payment and when the defendants received the summons to respond, the defendants failed to produce a viable answer to the



(Pg. 3 of 12)

Civil Action.

This Article III Court and judge accepted jurisdiction of this case to hear and rule on the Rule 60(b)(4) petition. The defendants responded twenty-three (23) days after the 60 day date given for a response, and have conceded by default to the claims brought forth in the Secured Partys petition/affidavit.

The jurisdiction of Federal Courts is defiend in the Constitution at Article III of the judicial Courts, Article I is for legislative Courts, and Article IV is for Territorial Courts, i.e. Untied States District Courts. Some Courts are created by an Act or Acts of Congress and have been referred to as "Constitutional Courts" where as other courts are regarded as "Legislative Tribunals," 28 U.S.C. §88 District of Columbia - Courts, Act of June 7, 1934, 48 Stat. 926, and the Act of June 25, 1936, 49 Stat. 1921, provide that the Court of Appeals of the District of Columbia, the United States Supreme Court, and the District Court of the United States for the District of Columbia are shown to be Constitutional courts created under Article III of the Constitution. See O'Donoughe v. U.S., 289 U.S. 516 (1933), 77 L.Ed. 1356, 53 S. Ct. 74, Mookini v. United States, 303 U.S. 201.

Chief Justice John Marshal stated in Cohens v. Virginia, 6 Wheat. (19 U.S.) 264, 404 (1821):

> We [Judges] have no more right to decline the exercise of jurisdiction, which is given, than to usurp that which is not given. The one or the other would be treason to the Constitution.



4.    Secured Party has a right under the Seventh Amendment
to a redress of grievances, and to have his affidavit ruled
on its merits as the defendants have defaulted by dishonor
to the presentment of the Secured Party Plaintiff's Civil Action.

5.    This Rule 60(b)(4) Motion to Void Judgment was entered
under the Fifth, Sixth and Fourteenth Amendment to the United
States Constitution. Therefore, it is an <u>original civil process,</u>
pursuant to Title 28 United States Code Section 1914(a), that
requires a Three Hundred and Fifty Dollar filing fee, and
is not a continuation of the Secured Partys criminal action
as would be the case with a petition pursuant to Title 28
United States Code, Section 2255 which requires no seperate
filing fee, and is a continuation of a defendants criminal
case.

6.    Rule 60(b)(4) is clear and concise language and is unques-
tionable and valuable role to play in all Habeas Corpus proc-
edings. The rule is often used to relieve parties from the
effect of a default judgment mistakenly placed against them.
A function as legitimate in all Habeas cases. The rule also
preserves parties opportunities to obtain a vacture of a judg-
ment that is void for lack of subject matter jurisdiction.

7.    The Supreme Court settled the law in this matter January
12, 2005, in Case Numbers 04-104; 04-105 by stating:

> "There are no issues to litigate. The government is
> estopped from refuting these facts by its own stat-
> ements. "

8.    "Silence can only equate with fraud where there is a legal
or moral duty to respond, or where an inquiry left unanswered



would be intentionally misleading." <u>U.S. v. Pruden</u>, 244 F.2d 1021 (1070).

8.    Defendants have only stated half the truth to this court leaving out the following facts of the civil action:

•A•    The Secured Party had a direct appeal in progress when the Rule 60(b)(4) was filed and recorded in this honorable court, that is the reason for it being an <u>Independant Civil Action</u>. A Motion pursuant to Section 2255 cannot be filed while there is an appeal pending, until the direct appeal has run its course.

•B•    The issue of a Section 2255 petition having to be filed does not apply in this situation as the Secured Party has just recently ben resentenced. Also a Motion pursuant to Section 2255 argues ineffective assistance of counsel and the use or right of Habeas Corpus. Neither one   is argued or discussed in the Rule 60(b)(4) petition.

•C•    Secured Party does not believe the defendants are ignorant of the law, nor does he believe the Defendants did not understand the summons order from this court, to answer, respond, <u>or object</u> within 60 days. <u>(See Summons Attached)</u>

•D•    It is the opinion of the Secured Party that the defendants are also trying to deceive the court by certifying (misdirecting) that the defendants was properly served service of process on the Secured Party <u>when they have not</u>. The defendants knew or should have known that Secured Party was not at the address in Oakdale, Louisiana Where Defendent's sent Motion to Transfer to be delivered.



(Pg  6 of 12)

as the Secured Party was in transit on August 8, 2007, the date the defendants chose to file the Motion to Transfer. All that would have been necessary for the government to do would be to contact the United States Marshals Service to locate the Secured Party.

•E• The mail room personell at the facility wherein the Secured Party is designated signed the green card (return receipt) without first checking to see that the Secured Party was indeed at the facility.

•F• The Court should know that the Secured Party was not returned to the facility until August 27, 2007. Only due to the Plaintiffs family checking the Court Docket sheet was the Plaintiff aware that any motion of the government was filed.

•G• Because everyone is assumed to know the law, inaccurate representations regarding legal matters are not generally actionable. Of course, when one is to make a representation regarding a matter of law, and the misrepresentation was known to the person, a fraud action would lie. (Refer to White v .Mulvaniia, 575 S.W.2d 184 (Mo 1978) (Part's superior knowledge of the law) held to be exception from general rule that a misrepresentation of the law is synonymous of dishonoesty, infidelity, faithlessness, perfidy unfairness. ect... Joiner v. Joiner, Tex. Civ. App., 87 S.W.2d 903, 915 (Refer to Blacks Law Dictionary 4th Edition, pg 788, 789).

.H.    It is the opinion of the Secured Party Plaintiff that the Defendants knew what they were attempting to do by sending the Motion to Transfer to the Plaintiffs address in Oakdale, Louisiana. The Plaintiff would have never received the Motion because it was delivered to the facility in his abscence. The Plaintiff belives that this was done in an attempt to have the court reclassify and transfer the 60 (b) (4) petition, due to the expiration of statutory time limitations.

.I.    It is the opinion of the Secured Party Plaintiff that the Defendants also thinks that they are above the law by using intimidation and or threats with local Rule 7, (Time allowed to respond to the Motion Filed). If the secured Party Plaintiff did not respond to the Motion by September 26, 2007, the court <u>could</u> issue a default to the Plaintiff on the Motion to Transfer and Reclassify. The Secured Party Plaintiff asks the Court: <u>Are the Defendants above the Law, or do they think it does not apply to to them as they defaulted on July 14, 2007 under Rule 7, orders from the court to answer the summons within 60 days, are be in "DEFAULT"</u>. (See Summons attached)

.J.    The Defendants also failed to mention that the Secured Party Plaintiff NOTIFIED Defendants, not once but several times in the "AFFIDAVITS" filed with the Clerk of the Court and sent to all Defendants by Certified mail, That the Plaintiff was pre-pairing to file a petition pursuant to Rule 60 (b) (4) Void Judge-ment, using the Affidavis as proof that the Defendants did not have/possess Subject Matter Jurisdiction. See Affidavits filed with the Clerk of the Court. (Cover page notice to Clerk of the Court attached)



(Pg 8 of 12)

•K•    This honorable court should know that the U.S.
Attorneys Office did not respond nor answer <u>or object</u>
at any time that the Rule 60(b)(4) petition was to be
filed.

•L•    "A court cannot confer jurisdiction when none
existed and cannot make a void proceeding valid. It is
clear and well established law that a void order can
be challenged in any court." <u>Old Wayne Mut. L. Assoc.</u>
<u>v. McDonough</u>, 204 U.S. 8, 27 S. Ct. 236 (1907).

9.    Defendants failed or refused to recognize the <u>agreement</u>
<u>by consent</u> they made with the Plaintiff when they failed to
respond, answer, <u>or object</u> to the NOTICE OF DEFAULT BY PUBLIC
MEDIA NEWSPAPER, published by genreral circulation, once per
week for three weeks (See Attached Copy).

10.    <u>Objection</u> (to offer) Motion to Transfer and Reclassify.
It is the opinion of the Secured Party that the law / civil
rules and provisions requires all parties in a civil action
to voluntarily waive or consent their rights to proceed from
one jurisdiction or venue to a different venue or jurisdiction.
28 U.S.C. §636(c)(3).

11.    The Secured Party Plaintiff, Carlos-Jorge: Hinojosa,
as to the "OFFER" by the defendants to ask the court to transfer
and reclassify, <u>responds by OBJECTING,</u> answers in the negative,
refuses, and denies to have this defaulted civil case to be
transferred from the District Court of the United States to
an Article IV Legislative/Territorial Court, as this matter
is already well settled by default in favor of the relator,



(Pg 9 of 12)

Secured Party Plaintiff.

# N O T I C E

For the Record, the Secured Party/Plaintiff, respectfully notifies this Honorable Court and Presiding Judge, Secured Party **DOES NOT ACCEPT, REFUSES and DENIES** the offer made by the defendants in this action. Secured Party refuses the offer to Transfer and Reclassify this matter to a different jurisdictional venue. **The offer is denied for cause, by Secured Party.**

The Founders of the Law, Commerce, and our system of jurisprudence gave the foundation that we as the People of the Constitution follow of "Telling the Truth, the whole Truth, and nothing but the Truth." Either by testimony, deposition, and/or by affidavits. One sworn to tell the truth is compelled by a higher principle to protect the truth and do nothing to tamper with that truth, either directly or indirectly, in person or by proxy, or by subordination of any affidavit or other person. Any defendant who tampers with testimony, deposition, or affidavit is a threat to the commercial peace and dignity of the county, state, and united States of America, and is acting in the nature of a foreign agent/ enemy, re; A mixed war.

Whosoever acts against commercial affidavits without executing the necessary commercial paperwork under affidavit is subject to being charged criminally for FRAUD. Commercial processes are fundamentally non-judicial and pre-judicial. No judge, court, law, or government can invalidate the Commercial process, i,e, a Private Security Agreement, True Bill, or Lien



based upon an affidavit, because no third party can invalidate
an affidavit of truth. Actions against affidavits create a
mixed war. No one can rebut an affidavit except the proper
party who alone <u>must</u> rebut by counter-affidavit within the
established time limits.

THEREFORE, this Affidavit is so flagged in commerce, it
is a Federal Document, because it can be translated into a
Security (by being attached in support of a commercial lien.)
Non-acceptance and/or Non-filing of a commercial lien, or
affidavit becomes a Federal offense.

### C O N C L U S I O N

1.  It is the opinion of the Secured Party, Plaintiff, that
the defaulted defendants requested Motion to Transfer and Re-
classify be DENIED AS MOOT, due to the expiration of time to
lawfully and fully respond to the Secured Partys Rule 60(b)(4)
petition, has no merit in law, and due to the combined decision
of the defendants to neither respond or rebut any of the filed
affidavits, and have therefore CONSENTED to a judgment by def-
ault.

> "Silence can only equate with FRAUD where there is a Legal
> or moral duty to respond, or where an inquiry left unanswered
> would be intentionally misleading."
>
> U.S. v. Pruden, 424 F.2d 1021 (1970)

2.  It is the opinion of the Secured Party that this court
should consider sanctions against the defaulted defendants
for filing this frivilous and moot motion to Transfer and
reclassify, due to the misrepresentation, and fraud committed.



(Pg 11 of 12)

Title 18 Crimes and Criminal Procedures, Chapter 79, also supports the possions of the Secured Party Plaintiff wherein it states **"In any declaration, certification, verification, or statement under penalty of perjury as permitted under Section 1746 of Title 28, United States Code, willfully subscribes as true any material matter which he did not belive to be true; is guilty of perjury,"** It is the opinion of the secured Party Plaintiff the Defendants committed perjury in this matter before this Court.

3. The Secured Party Plaintiff does request Honorable Court to:

.A. Issue a **Denial** for the Motion to Transfer, and Reclassify.

.B. Issue the **Default Notice** to the Defendants in this Action.

.C. Issue the release of **"The Order of The Court"** in this Civil Action.

.D. Issue an order releasing all **Criminal Bonds** issued in the **Property** name of the Secured Party Plaintiff.

.E. Issue the **Order to Release** the Secured Party Plaintiff, Carlos Jorge: Hinojosa from incarceration.

The Honorable Court is respectfully requested to see the attached case law on pleading which supports the denial of the Defendants Motion to Transfer this civil action. Under the authority of the administrative Procedures Act 5. U.S.C. § 556 (D) Burden of proof, "The proponent of a rule of other bears the burden of proof." The Supreme Court has stated that "if any tribunal (court) finds absence of jurisdiction over the person and subject matter, the case must be dismissed." See, <u>Louisville R.R. v. Motley, 211 U.S. 149, Ct. 42.</u>

Wherefore the Secured Party Plaintiff respectfully moves this Honorable Court for **"DENIAL"** of the Motion to Transfer and Reclassify, and request the entry of **Default Judgement** be entered aginst the non-respondents/Defendants.                    (Pg 12 of 12)

## NOTARIZED OATH
### VERIFICATION OF IDENTITY

REPUBLIC OF LOUISIANA

PARISH OF ALLEN

CITY OF OAKDALE


_CARLOS JORGE HINOJOSA_ , first being duly sworn, deposes and says: That He/She is the affiant herein, and that He/She has read the forging Notice of OBJECTION to Motion to Transfer & Reclassify for the release submitted to the agency listed on the coverpage thereof. That the Identification and Data Submitted for this request is true and accurate upon the personal knowledge of the affiant and the verifiable fingerprint identification is submitted herein

REQUESTOR / AUTHORIZED Rep.
" PRO - PRe "

SCRIBED AND SWORN to me on this __08__ day of __Auguast__ 2007 .

NOTARY PUBLIC

Willie Larry, Notary Public
# 053496
Allen Parish, Louisiana
My commission is for life.



RIGHT THumb


Right Index

(Pg 13 of 12 "Signature")

<u>THE FOLLOWING DOCUMENTATION IS ENCLOSED FOR THE COURT:</u>       <u>"AS PROOF"</u>

1)   Pleading  Pages 1 and 2

2)   Proof of Notice to Defendants on prepairing 60 (b) (4) for filing
     See page 3

3)   Proof of prepairing documentation in Pro-Per
     See Pages 4, and 5

4)   Proof of estopped from claiming a different set of facts or terms
     See page 6 (Media News Paper)

5)   Proof the Defendants had 60 days notice to answer or be in default
     See SUMMONS from Honorable court, Pages 7, 8, 9, and 10



# PLEADINGS

Under Article III of the United States Constitution, when standing is challenged on the basis of the pleadings the United States Supreme Court will (1) accept as true all material allegations of the complaint, and (2) construe the complaint in favor of the complaining party. Pennell v. San Jose, 485 U.S. 1, 108 S.Ct. 849.

While a federal court plaintiff must set forth specific facts by affidavit or other evidence in order to survive a motion for summary judgment and must ultimately support any contested facts with evidence adduced at trial, general factual allegations of injury resulting from the defendant's conduct may, under some circumstances, suffice at the pleading stage, for on a motion to dismiss, the court presumes that general allegations embrace those specific facts that are necessary to supprot the clam. Bennett v. Spear, 520 U.S. 154, 117 S.Ct. 1154

What, other than affidavits, constitutes "matters outside the pleadings" which may controver motion under Federal Rules of Civil Procedure 12(b), (c), into motion for summary judgement. 2 ALR Fed 1027

A motion to dismiss a suit on the ground that the requisit jurisdictional amount is not involved, reciting in support of the denial facts dehors the complaint, is an appropriate method of challenging the jurisdictional allegations of the complaint. KVOS v. Associated Press, 299 U.S. 269, 57 S.Ct. 197

If matters outside the pleadings are presented and not excluded by the Federal District Court at a hearing on a motion to dismiss the complaint, in part for its failure to state a claim on which relief can be granted, the court is required by Ruel 12(b) of the Federal Rules of Civil Procedure to treat the motion to dismiss as one for summary judgment and to dispose of it as provided in Rule 56 of the Federal Rules of Civil Procedure, Carter v. Statnton 405 U.S. 669, 92 S.Ct. 1232

Charges in the bill must be disregarded where they are denied by the answer if no evidence is given to sustain them Astor v. Wells, 4 Wheat 466

Where the writ mentions trespass with force and arms upon a storehouse, and seizure and distruction of goods, it covers a transitory as well as a local action. In such an action a venue to state where the trial is to take place is good, without stating where the trespass was in fact committed McKenna v. Fisk, 1 How 241, 11 L.Ed. 117



(Pg 1 of 2)

A motion to dismiss concedes the truth of allegations of the complaint. Icks v/ Fox 300 U.S. 82, 56 S.Ct. 412

For the purpose of a motion to dismiss a bill of complaint as failing to state a cause of action, the allegations of the bill stand as admitted. Polk Co. v. Glover, 305 U.S. 5, 59 S.Ct. 15

Facts appearing from the pleadings and by stipulation, in a suit to enjoin the enforcement of a federal statute and to have it declared unconstitutional are admitted for the purposes of a motion to dismiss the suit for want of equity jurisdiction and of a justiciable case or controversy. Coffman v. Breeze Corporations Inc., 323 U.S. 316, 65 S.Ct. 298

In determining whether a motion to dismiss a complaint was properly granted, the facts alleged in the complaint must be taken as true. United States v. Yellow Cab Co. 332 U.S. 218, 67 S.Ct. 1560

In determining the propriety of dismissing a complaint as failing to state a cause of action, the material facts stand admitted as if they had been proven. Mandeville Island Forms v. American Crystal Sugar Co., 334 U.S. 219, 68 S.Ct. 996

A motion to dismiss a complaint is deemed to admit the allegations of fact made in the complaint. United States v. New Wrinkel Inc. 342 U.S. 371, 72 S.Ct. 350

On dismissal of a complaint by the District court, the allegations in the complaint must be taken as true. United States v. International Boxing Club, 348 U.S. 236, 75 S.Ct. 259

In determining the propriety of a dismissal of the complaint, the court is bound to give the plaintiff the benefit of every reasonable inference from well-pleaded facts. Retail Clerks International Asso. v. Schermerhorn, 373 US. 746, 83 S.Ct. 1461

In passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader. Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683

For purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing court must accept as true all material allegations of the complaint. Warth v. Seldin, 442 U.S. 490, 95 S.Ct. 2197



(Pg 2 of 2)

Date: January 03, 2007
CLERK OF THE COURT                    Case No.: 03-cr-1910-01
U.S. DISTRICT COURT            Fed. I.D. No.: 34033-179
600 East Harrison St.
Brownsville, Texas 78520

Re: filing of Affidavit by Special Appearance.

Dear Sir or Clerk,

        I am preparing to file a motion under rule 60 (b), but
before I can file that motion I need to file this Affidavit
so the U.S. Attorney may have the opertunity to answer.

Please file the attached Affidavit.

                        Thank you,

                        _Carlos Jorge Hinojosa_
                        Carlos Jorge Hinojosa
                        Reg. #34033-179 (A-2)
                        c/o Federal Correctional
                        Institution
                        Post Office Box 5000
                        Oakdale, LA. 71463-5000

                                              (Pg 3)

District Court of The United States
District of Columbia
(Captioned pursuant to Mookini V. United States, 303 U.S. 201)
(Artical III Court of Law)

Carlos Jorge Hinojosa
    Petitioner

      Vs

UNITED STATES OF AMERICA
    RESPONDENT

<u>Jurisdiction</u>
Federal Question

Federal/Civil No:

_____
(To be assigned)

---

"Independent Action"
Brought to Vacate Void Judgement Due to Lack of Subject Matter
Jurisdiction Pursuant to Federal Rule of Civil Procedure 60 (b) (4)

by Special Apperance

---

~~Petitioner, Carlos Jorge of the Hinojosa family, a Citizen of The~~
~~Republic of Texas/inhabitant/sovereign Lawfull man (Secured Party) of~~
the de jure United States, herein <u>pro per</u>,(in his proper person),*not
pro se, (on behalf of), brings this **independent action,** not a motion,
to vacate the **civil JUDGEMENT IN A CRIMINAL CASE,** issued from an admin-
istrative Federal District Court, operating as a **"State" Court,** on be-
half of, and under the Local Civil Rules of the District of Columbia,
due to a **lack of subject matter jurisdiction,** in the Southern District
of Texas, Brownsville, Texas [78520], Federal/Civil Number_____.

This indendent action arises under the Fifth, Sixth, and Fourteenth
Amendments to the constitution for the United States. Therefore, it is
an <u>original</u> civil process, pursuant to Title 28 § 1914 (a), that requi-
res a three hundred and fifty dollar filling fee, which has been inclu-
ded.



(Pg 4 and 5)

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|

**I (a) PLAINTIFFS**

Carlos Jorge Hinojosa

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**

Alberto Gonzales

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT 11001
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Pro - Per

ATTORNEYS (IF KNOWN)

Solictor General

---

**II. BASIS OF JURISDICTION**

(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in item III)

\* The State is a Party

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**

(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**☐ A. Antitrust**

☐ 410 Antitrust

**☐ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

**☐ E. General Civil (Other) OR ☒ F. Pro Per General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☒ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(Pg 5 with 4)

Mercedes, Texas 78570 Wednesday, March 7, 2007

# PUBLIC NOTICE

### PUBLIC NOTICE OF DEFAULT

I, Carlos-Jorge: Hinojosa (Secured Party) hereby attest, affirm
and acknowledge the following facts towit: That I did present by
filing with the United States District Clerk of the Court under
Case No: 03-CR1010-01 and by Certified Mail, Return Receipt Requested, using a third-party (Notary) witness, filed the following:
(1) Affidavit of Denial; (2) Default w/ 72hours to cure; (3) Default
w/ a Noterialy Certificate of non-response; (4) Affidavit of Truth/
Secured Party Notice; (5) NOTICE BY WRITTEN COMMUNICATION/SECURITY
AGREEMENT; (6) Copy of UCC-1 filing, with Power of Attorney, Copy-
right Security Agreement. ect.; (7) Commercial Affidavit for Int'n
Admin Remedy and Acceptance for Value; Offer of Performace; Cert.
Promisary Note for $6,659,594,90 for full payment of debt(s); (8)
3rd Default w/ 72 hours to cure; Default and Entry for Default
Judgement; Notarial Notice of dishonor/formal Certificate of
Non-Response; Acceptance to Contract; Int'n Tribunal Judgement; to
the following creditors: UNITED STATES OF AMERICA, STATE OF TEXAS,
MICHEAL T. SHELBY d.b.a. ASST. U.S. ATTORNEY, HILDA TAGLE d.b.a.
JUDGE, MICHEAL MILBY d.b.a. CLERK OF THE COURT FOR THE SOUTHERN
DISTRICT OF TEXAS, NOTICETO PRINCIPAL(S) IS NOTICE TO AGENT(S), AND
NOTICE TO AGENT(S) IS NOTICE TO PRINCIPAL(S), for full settlement
and accord and satisfaction of Judgement debt(s) filed under case
No. 03-CR-1010-01 and Secured Party No. R037622990456829488. Please
take notice Creditors had over 30 days to cure/respond by affidavit
before final default, Notarial Protest w/ Certificate of Non-Response
and Tribunal judgement or to rebut/object to the settlement offer
or general acquiescence and consit agree that THE UNITED STATES OF
AMERICA, STATE OF TEXAS, NOR THE SOUTHERN DISTRICT OF TEXAS,
BROWNSVILLE TEXAS,

and stipulate that these Judgement(s) debts are satisfied
and discharged by operation of law. Creditors failure to rebut/
object to settlement offer constitutes the voluntary waiver of all
claims (Criminal & Civil) that contradict the private agreement
between Carlos-Jorge: Hinojosa (Secured Party) and all the
Creditors who may state a claim to the Judgement(s) debts supra.
Creditors are hereby equitally estopped from claiming a different
set of facts or terms, and by default consummates the accord and
satisfaction of all these public claims against the Cestui Que and
ENS LEGIS entity known as CARLOS JORGE HINOJOSA©, because the due
date(s) to object/rebut the afore said Affidavits was not met by
the Creditors to rebut/object. Dead line for response was March 6,
2007; Therefore Secured Party DEMANDS Creditors release the Order
of the Court, All Bonds, and Release Carlos-Jorge: Hinojosa from
incarceration.

Carlos-Jorge: Hinojosa
"Without Prejudice" UCC 1-207
Authorized Representative
Free Inhabitant of Texas Republic
Hidalgo County, Mercedes

(Pg 6)



AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

Carlos Jorge HInojosa

V.

SUMMONS IN A CIVIL CASE

CASE NUMBER: 1:07-CV-00860 (HHK)

TO: (Name and address of Defendant)

MICHEAL T. SHELBY    d/b/a
ASS. UNITED STATES ATTORNEY
% UNITED STATES ATTORNEY*S OFFICE
HWY 83 WEST AND 17 1/2 Street
McAllen, Texas 78502

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

an answer to the complaint which is served on you with this summons, within   *SIXTY (60)*   days after service
of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this
Court within a reasonable period of time after service.

CLERK

DATE

(By) DEPUTY CLERK

(Pg 8 of 9 & 10)

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

Carlos Jorge Hinojosa

    V.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: 1:07-cv-00860 (HHK)

TO: (Name and address of Defendant)

ALBERTO GONZALES
U.S. ATTORNEY GENERAL
U.S. DEPT. OF JUSTICE
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530-0001

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

an answer to the complaint which is served on you with this summons, within **SIXTY (60)** days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK                                       DATE

(By) DEPUTY CLERK



(Pg 7 of 8,9,&10)

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

Carlos Jorge Hinojosa

V.

SUMMONS IN A CIVIL CASE

CASE NUMBER: 1:07-cv-00860 (HHK)

TO: (Name and address of Defendant)

Hilda Tagle  d/b/a JUDGE
U.S. DISTRICT COURT
600 East Harrision Street
Brownsville, Texas 78520

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

an answer to the complaint which is served on you with this summons, within _Sixty (60)_ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK                                          DATE

(By) DEPUTY CLERK

(Pg 9 of 10page)

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

Carlos Jorge Hinojosa

V.

SUMMONS IN A CIVIL CASE

CASE NUMBER: 1:07-CV-00860 (HHK)

TO: (Name and address of Defendant)

Micheal Milby  d/b/a
Clerk of the Court
600 East Harrision Street
Brownsville, Texas 78520

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

an answer to the complaint which is served on you with this summons, within . _SIXTY (60)_ days after service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

| CLERK | DATE |
|-------|------|

(By) DEPUTY CLERK

(Pg 10 from 7,8,& 9)

Done this 08th day of September, 2007.

Respectfully,
"Without Prejudice"


Carlos-Jorge: Hinojosa®
Authorized Representative for
CARLOS JORGE HINOJOSA®


## C E R T I F I C A T E   O F   M A I L I N G

I, Carlos-Jorge: Hinojosa, hereby certify that on this
_____ day of September 2007, C.E. I mailed a true and correct
copy of the foregoing Request for Denial by Affidavit to the
following persons:

Michael T. Shelby, d.b.a. Assistant United Staetes Attorney
1701 West Highway 83, Suite 600
McAllen, Texas [78501]

Hilda Tagel, d.b.a. United States District Judge
600 East Harrison Street
Brownville, Texas [78520]

Alberto Gonzales, d.b.a. United States Attorney General
950 Pennsylvania Avenue, N.W.
Washington, District of Columbia [20530]

Micheal Milby, d.b.a Clerk of the Court
600 East Harrison Street
Brownsville, Texas [78520]

C.C. To THe independeNT
   3rd PARTy wiTNecs
   (eVeN As A NoTARy)
ARMANdo SALdANA (NOTARY)
1038 THird sTReeT
MeRceder, Texas 78570

" wiThouT PRejudice "

Carlos-Jorge: Hinojosa®
Secured Party - Plaintiff
" PRo - PRe "

Civil Case No:
1:07-cv-00860 (HHK)

te:

lerk of The Court

istrict Court of The

District of Columbia

333 Constitutional Ave. N.W.

Washington, D.C. 2001

RE:  Filing / Recording of Response by Special Apperance of
NOTICE OF OBJECTION BY AFFIDAVIT

Dear Sir/Ms. or Clerk,

Please be so kind as to file and record this response of

**"NOTICE OF OBJECTION BY AFFIDAVIT"  to MOTION TO TRANSFER
AND RECLASSIFY byDEFAULTED DEFENDANTS IN THIS CIVIL ACTION.**

Thank you for your help in filing/recording my affidavit.

Sincerly,

"Without Prejudice"
Carlos/Jorge: Hinojosa       " PRO - PRe "
Legal Rep./UCC-1-207
Reg. No: 34033-107
c/o Federal Correctional Institution
P.O. Box 5000
Oakdale, La 71463